IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KARLIE TIMMERMAN, | ) |
| Plaintiff, | ) ) ) |
| vs | ) Case No. 22-cv-2044 ) ) |
| JIMMY RANKIN, in his individual capacity and official capacity as Coles County Sheriff, KYLE CHILDRESS, HALEY LEWIS, JOHN DOE CORRECTION OFFICERS, and COLES COUNTY, ILLINOIS, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

2. This judicial district is an appropriate venue under 28 U.S.C. § 1391(b) because the events giving rise to the suit happened in this judicial district.

## PARTIES

3. Plaintiff Karlie Timmerman is a resident of the City of Paris, Edgar County, Illinois and at all relevant times she was a pretrial detainee with chronic and serious mental health disabilities as well as chronic and serious medical problems.

4. Defendant Jimmy Rankin was, at all times relevant, the duly elected sheriff of Coles County, Illinois and the chief administrator of the Coles County Jail. At all relevant times, he was acting under color of law and in the course and scope of his

1

employment as the agent, servant, and, as a matter of law, the official representative of Defendant Coles County and as the County's chief law enforcement officer. As the Sheriff, Defendant Rankin was responsible for ensuring that the custody, safekeeping, medical needs, mental health needs, and housing of all detainees, including Karlie Timmerman, were in compliance with federal and state law, department or agency policies, rules, and regulations, and related standards of care. Defendant Rankin is sued in his individual capacity and in his official capacity as Sheriff of Coles County.

5. Defendant Kyle Childress was, at all times relevant, a deputy sheriff and a Corrections Officer at the Coles County Jail in Charleston, Illinois. He is sued in his individual capacity and at all times relevant hereto was acting under color of state law.

6. Defendant Haley Lewis was, at all times relevant, a deputy sheriff and a Corrections Officer at the Coles County Jail in Charleston, Illinois. She is sued in her individual capacity and at all times relevant hereto was acting under color of state law.

7. Defendants John Doe Officers were, at all times relevant, Corrections Officers, whose names are unknown at this time, were employed by the County of Coles, Illinois, as sheriff's deputies. They are sued in their individual capacities and at all times relevant hereto were acting under color of state law.

8. Defendant Coles County is a governmental entity within the State of Illinois which funds and operates the Coles County Jail and was at all relevant times the employer of all Defendant Corrections Officers, including Kyle Childress and Haley Lewis. Defendant Coles County is responsible for the implementation of the policies, procedures, practices, and customs, as well as the acts and omissions challenged by this suit. Defendant Coles County is responsible for ensuring that all of its facilities,

including the Coles County Jail, are in compliance with federal and state law, department or agency rules, and regulations, and related standards of care. Defendant Coles County is sued as a necessary party in interest to a civil rights lawsuit seeking monetary damages alleged against a deputy of an independently elected county sheriff. *Carver v. Sheriff of LaSalle County,* 324 F.3d 946 (7th Cir. 2003). Coles County is required by statute to fund the Sheriff's expenses, including any judgments entered against the Sheriff in his official capacity. 55 ILCS 5/5-1106.

### FACTS COMMON TO ALL COUNTS

9. Plaintiff was arrested in Edgar County, Illinois and transported to the Coles County Jail, where she remained as a pretrial detainee for approximately 42 days between about February 10, 2020 and March 24, 2020.

10. Upon intake at the Coles County Jail, Plaintiff informed the intake officer that she had a medical condition and suffered from stress-induced seizures.

11. While the Plaintiff was in the general population in the Coles County Jail, she had seizures on three or more occasions, during which her body seized up and she lost consciousness.

12. Each time Plaintiff suffered a seizure, she was removed from the general population and locked into a room that the corrections officers jokingly called the "medical room" where she was kept for 4 or more days.

13. The "medical room" had no typical medical features, but was a hallway-type room which measured roughly 15 feet long by 3 feet wide and appeared to be an old visitation room with the chairs removed and the glass screen covered over by a solid wall, and containing no beds, no benches, no tables, no water and no toilet.

3

14. The "medical room" was occupied by two or three female detainees at a time, each of whom had a mat to put on the floor; these women had no blankets, no drinking water and no toilet.

15. The female detainees, including the Plaintiff, were provided three meals a day which included a small glass of water, but were denied water at other times.

16. Both Defendant Haley Lewis and Defendant Kyle Childress locked Plaintiff in the "medical room" on one or more occasions.

17. The female detainees, including the Plaintiff, had to knock on the door and beg to use the toilet and beg for drinking water.

18. The female detainees, including the Plaintiff, were sometimes denied the right to use a toilet and had to urinate on the floor or hold it until some later time.

19. The female detainees, including the Plaintiff, requested drinking water at times other than meal times, but were denied drinking water by Defendants Childress, Lewis and other unnamed officers, because more water would make them need to urinate more.

20. When the Plaintiff needed to use the toilet and one of the detainees knocked loudly on the door in an emergency manner, Defendant Kyle Childress refused to take the Plaintiff to the toilet and instead took her to another, smaller room and told her that she needed to learn patience, but he refused her use of the toilet.

21. Another time when the Plaintiff or another female detainee knocked on the door of the "medical room" to use the toilet, Defendant Kyle Childress put the two detainees into the smaller room and told them they were being punished because he was tired of their knocking on the door, and he refused them use of the toilet.

4

22. The smaller room was too small to lie down in, when two people were in there, their elbows touched, there was no drinking water and no toilet.

23. At all times when the Plaintiff was locked in the "medical room" and the smaller room, she was not given a blanket and, from mid-February to early March, it was freezing cold in there, while standing, sitting on the floor or trying to sleep.

24. Plaintiff observed a locked door in the jail where she heard male voices begging to use the toilet and she observed what she believed to be urine leaking out from under the locked door.

**COUNT I – 42 U.S.C. § 1983– DEFENDANT JIMMY RANKIN AND COLES COUNTY, ILLINOIS – UNCONSTITUTIONAL POLICY CLAIM**

25. Plaintiff incorporates by reference paragraphs 1-24.

26. As a result of a widespread, though unwritten, custom and policy of the Coles County Sheriff and Coles County, Illinois, and pursuant to his unlawful, malicious, reckless and/or indifferent conduct, Defendant Jimmy Rankin acted under color of law but contrary to law, and did deprive Plaintiff and other pretrial detainees of their rights, privileges or immunities secured under the Constitution and laws of the United States and 42 USC § 1983, including:

   a. The right, as a pretrial detainee, to defecate and to urinate without awaiting the permission of the government, in violation of Amendments IV and XIV;

   b. The right, as a pretrial detainee, to a bed and blanket in winter, in violation of Amendments IV and XIV;

   c. The right, as a pretrial detainee, to fresh drinking water, without having to beg the government, in violation of Amendments IV and XIV;

5

    d.    The right, as a pretrial detainee, to adequate housing space, in violation of Amendments IV and XIV;

    e.    The right, as a pretrial detainee, not to be punished for begging to use a toilet or obtain fresh drinking water, in violation of Amendments IV and XIV.

    27.    As a result of the unconstitutional policies as alleged in Count I, Plaintiff endured physical, mental and emotional pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendant Jimmy Rankin and Coles County, Illinois for compensatory damages and for individual liability punitive damages in amounts to be determined by the jury, plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 USC §1988.

## COUNT II – 42 U.S.C. § 1983– DEFENDANT KYLE CHILDRESS

    28.    Plaintiff incorporates by reference paragraphs 1-24.

    29.    As a result of his unlawful, malicious, reckless and/or indifferent conduct, Defendant Kyle Childress acted under color of law but contrary to law, and did deprive Plaintiff of her rights, privileges or immunities secured under the Constitution and laws of the United States and 42 USC § 1983, including:

    a.    The right, as a pretrial detainee, to defecate and to urinate without awaiting the permission of the government, in violation of Amendments IV and XIV;

    b.    The right, as a pretrial detainee, to a bed and blanket in winter, in violation of Amendments IV and XIV;

    c.    The right, as a pretrial detainee, to fresh drinking water, without having to beg the government, in violation of Amendments IV and XIV;

    d.    The right, as a pretrial detainee, to adequate housing space, in violation of

6

Amendments IV and XIV;

e. The right, as a pretrial detainee, not to be punished for begging to use a toilet or obtain fresh drinking water, in violation of Amendments IV and XIV.

30. As a result of being mistreated as alleged in Count II, Plaintiff endured physical, mental and emotional pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendant Kyle Childress for compensatory damages and for punitive damages in amounts to be determined by the jury, plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 USC §1988.

## COUNT III – 42 U.S.C. § 1983– DEFENDANT HALEY LEWIS

31. Plaintiff incorporates by reference paragraphs 1-24.

32. As a result of her unlawful, malicious, reckless and/or indifferent conduct, Defendant Officer Haley acted under color of law but contrary to law, and did deprive Plaintiff of her rights, privileges or immunities secured under the Constitution and laws of the United States and 42 USC § 1983, including:

a. The right, as a pretrial detainee, to defecate and to urinate without awaiting the permission of the government, in violation of Amendments IV and XIV;

b. The right, as a pretrial detainee, to a bed and blanket in winter, in violation of Amendments IV and XIV;

c. The right, as a pretrial detainee, to fresh drinking water, without having to beg the government, in violation of Amendments IV and XIV;

d. The right, as a pretrial detainee, to adequate housing space, in violation of Amendments IV and XIV;

7

  e. The right, as a pretrial detainee, not to be punished for begging to use a toilet or obtain fresh drinking water, in violation of Amendments IV and XIV.

  33. As a result of being mistreated as alleged in Count III, Plaintiff endured physical, mental and emotional pain and suffering.

  WHEREFORE, Plaintiff demands judgment against Defendant Officer Haley for compensatory damages and for punitive damages in amounts to be determined by the jury, plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 USC §1988.

  **COUNT IV – 42 U.S.C. § 1983– JOHN DOE CORRECTIONS OFFICERS**

  34. Plaintiff incorporates by reference paragraphs 1-24.

  35. As a result of their unlawful, malicious, reckless and/or indifferent conduct, Defendant John doe Corrections Officers acted under color of law but contrary to law, and did deprive Plaintiff of her rights, privileges or immunities secured under the Constitution and laws of the United States and 42 USC § 1983, including:

  a. The right, as a pretrial detainee, to defecate and to urinate without awaiting the permission of the government, in violation of Amendments IV and XIV;

  b. The right, as a pretrial detainee, to a bed and blanket in winter, in violation of Amendments IV and XIV;

  c. The right, as a pretrial detainee, to fresh drinking water, without having to beg the government, in violation of Amendments IV and XIV;

  d. The right, as a pretrial detainee, to adequate housing space, in violation of Amendments IV and XIV;

  e. The right, as a pretrial detainee, not to be punished for begging to use a

toilet or obtain fresh drinking water, in violation of Amendments IV and XIV.

33. As a result of being mistreated as alleged in Count IV, Plaintiff endured physical, mental and emotional pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe Corrections Officers for compensatory damages and for punitive damages in amounts to be determined by the jury, plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 USC §1988.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

On all Counts

(a) Compensatory general and special damages in accordance with proof;

(b) Costs of suit necessarily incurred herein;

(c) Such further relief as the Court deems just or proper;

(d) Reasonable Attorney's Fees and expenses of litigation if and as allowed by federal statute on each Count as so allowed; and

(e) Punitive damages against the individual defendants, as allowed under the law, (except the immune entity defendant) in an amount sufficient to punish those defendants and to deter future misconduct of these defendants and other similarly situated police officers.

**PLAINTIFF DEMANDS TRIAL BY JURY**

> RESPECTFULLY SUBMITTED,
> KARLIE TIMMERMAN
>
> /s/ JUDE MARIE REDWOOD
> Mrs. Jude M. Redwood 6257623

9

REDWOOD LAW OFFICE
P.O. Box 864
St. Joseph, IL 61873
Telephone: (217) 469-9194
Facsimile: (217) 469-8094
redwoodlaw42@hotmail.com