IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KARLIE TIMMERMAN, | )<br>) |
| Plaintiff, | )<br>) |
| vs | ) Case No. 22-cv-2044<br>) SEM/KLM<br>) |
| JIMMY RANKIN, in his individual capacity and official capacity as Coles County Sheriff, KYLE CHILDRESS, HALEY LEWIS, JOHN DOE CORRECTION OFFICERS, and COLES COUNTY, ILLINOIS, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**RESPONSE TO DEFENDANTS' MOTION (DOC #18) TO DISMISS AND CROSS-MOTION FOR ADDITIONAL TIME FOR SERVICE TO AUGUST 12, 2022**

Plaintiff, KARLIE TIMMERMAN, by and through her attorney, Jude M. Redwood, OBJECTS to the relief requested in Defendants' Motion Doc #18, and respectfully requests the district court to grant a permissive extension of time to serve the Coles County Sheriff in his official capacity to August 12, 2022 and in support:

**AUTHORITY**

If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m)

"Rule 4(m) states that if the defendant isn't served within 120 days, the district court "shall dismiss the action without prejudice ... or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." In other words, if good cause for the delay is shown, the court *must* extend the time for service, while if good cause is not shown, the court has a choice between dismissing the suit and giving the plaintiff more time ("direct that service be effected within a specified time"). *Henderson*

1

*v. United States,* 517 U.S. 654, 662–63, 116 S.Ct. 1638, 134 L.Ed.2d 880 1996); *Coleman v. Milwaukee Board of School Directors,* 290 F.3d 932, 934 (7th Cir.2002). Thus the plaintiff who fails to demonstrate good cause for his delay throws himself on the mercy of the district court." *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006)

When delay in service causes zero prejudice to the defendant or third parties (or the court itself), the granting of extensions of time for service, whether before or after the 120–day period has expired, cannot be an abuse of discretion. *United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc., supra,* 366 F.3d at 773; *Coleman v. Milwaukee Board of School Directors, supra,* 290 F.3d 932, 934. The icing on the cake is that the suit if dismissed could not be reinstated, the statute of limitations having expired five days after the complaint was filed, see *Panaras v. Liquid Carbonic Industries Corp.,* 94 F.3d 338, 341 (7th Cir.1996); *Horenkamp v. Van Winkle & Co., supra,* 402 F.3d at 1133; *Mann v. American Airlines,* 324 F.3d 1088 (9th Cir.2003)" *United States v. McLaughlin*, 470 F.3d 698, 701 (7th Cir. 2006).

Permissive extensions can be given within the Court's discretion, under Rule 4(m). When "good cause" is not shown, the decision whether to dismiss or grant a further extension is committed to the district court's discretion *Cardenas v. City of Chicago,* 646 F.3d 1001, 1006 (7th Cir. 2011); essentially, plaintiffs throw themselves "on the mercy of the district court" *see U.S. v. McLaughlin,* 470 F.3d 698, 700 (7th Cir. 2006). Appellate review is so deferential that any reasoned , principled decision by the trial court is likely to be affirmed. *U.S. v. McLaughlin,* 470 F.3d 698, 701 (7th Cir. 2006) (where service delay causes "zero prejudice" to any party or the court, granting permissive extension "cannot be an abuse of discretion").

The Supreme Court's decisions in *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 n. 55, (1978) and *Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985) raise the question whether a plaintiff needs to serve the Sheriff in an official capacity at all in order to plead *Monell* claims. So it makes sense that service on a county is effective service on a county decision-maker sued in their official capacity.

"Holloway sued the sheriff in his official capacity, which is effectively the same as having brought suit against the County of Delaware itself. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)" [(Noting "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent")]. *Holloway v. Delaware County Sheriff,* 700 F.3d 1063, 1071 (7th Cir. 2012)

"The magistrate judge invoked Federal Rule of Civil Procedure 21 which permits a court to add or drop parties on its own initiative. The magistrate judge reasoned that because a suit against a government official in his official capacity is, in effect, a suit against the government entity, *see Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985), and because Marion County, the Marion County Sheriff's Department and the Departmental Review Board were parties to the suit, the naming of the individual members of the Sheriff's Department was superfluous." *Jackson v. Marion Cnty. Sheriff's Dept.,* 67 F.3d 301 (7th Cir. 1995)

"Illinois statutes make it clear, however, that when the Sheriff manages the jail, he is a county officer. For instance, the county maintains and furnishes the jail, 730 ILCS § 125/20, and bears all of the costs to maintain prisoners. 730 ILCS § 125/5. The county board builds the jail and provides for the Sheriff's reasonable and necessary expenses. 55 ILCS § 5/5–1106. And the Sheriff, as warden of the jail, must notify the county board if he decides that the jail is insufficient to secure prisoners. 730 ILCS § 125/12." *DeGenova v. Sheriff of DuPage Cnty.,* 209 F.3d 973, 976 (7th Cir. 2000)

**ARGUMENT**

Defendant Jimmy Rankin was elected sheriff of Coles County on November 6, 2018 for a 4-year term. Public notice attached hereto and incorporated herein as Exhibit 1. On April 27, 2021, Rankin announced that he would not seek re-election, but would retire *at the end of his elected term of office*. Exhibit 1. On February 16, 2022, Rankin unexpectedly quit the office of sheriff, 9-months before the end of his elected term. Exhibit 1. Tyler Heleine was appointed by the Coles County Board to be the interim sheriff, beginning on May 1, 2022.[1]

The questions here are – who was the sheriff in his official capacity for the 70

---

[1] https://jg-tc.com/news/local/public_safety/heleine-named-chief-deputy-of-coles-sheriffs-office/article_181d0ab2-31a2-5003-9342-529b502cf1ce.html

3

days between February 16, 2022 and May 1, 2022? And who was a proper person to accept official capacity service of process on behalf of the sheriff, during this 70-day period, if there was such a person? And, if there was such a person, why did that person not accept service for the sheriff in official capacity on February 21, 2022?

Plaintiff filed her lawsuit on February 17, 2022, naming Jimmy Rankin, with the words "in his individual capacity and his official capacity as Coles County Sheriff", prominently displayed on the first page of the Complaint. (Doc #1). On Friday, February 18, 2022, the Waiver of Service Forms were sent to Jimmy Rankin at the Coles County Sheriff's Department (Doc #2), presumably arriving on or about Monday, February 21, 2022. The service was intended to effect service on the sheriff in both his individual and official capacities. This exact form of service on a sheriff has passed muster in other lawsuits. There is no indication in the record that Jimmy Rankin received the waiver forms anywhere except at the Coles County Sheriff's Department. For instance, a deputy did not go out to Mr. Rankin's home, serve the papers and then charge plaintiff for service of process and the waiver forms were not sent to Jimmy Rankin's personal residence. Jimmy Rankin, through the offices of all Defendants' attorneys, Heyl Royster Voelker & Allen, returned the Waiver of Service of Summons form on March 10, 2022, which were filed by plaintiff on March 18, 2022. (Doc #5)

There was evidently no Coles County Sheriff at the Sheriff's Department when Plaintiff timely sent the request for waiver of service to the sheriff in his official capacity because Tyler Heleine was not appointed to take that office until May 1, 2022.

On February 18, 2022, Waiver of Service forms were also sent to Julie Coe, County Clerk of Coles County, Illinois. Coles County, through the offices of all

Defendants' attorneys, Heyl Royster Voelker & Allen, returned the Waiver of Service of Summons form on March 10, 2022, which were filed by plaintiff on March 18, 2022. (Doc #5) Under the cases cited herein as authority, service on Coles County should be effective service on the sheriff in his official capacity, as a county official. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); K*entucky v. Graham,* 473 U.S. 159, 165–66 (1985); *DeGenova v. Sheriff of DuPage Cnty.,* 209 F.3d 973, 976 (7th Cir. 2000); *Holloway v. Delaware County Sheriff,* 700 F.3d 1063, 1071 (7th Cir. 2012); *Jackson v. Marion Cnty. Sheriff's Dept.,* 67 F.3d 301 (7th Cir. 1995). The individual Coles County Deputy Defendants were likewise served and returned the waivers through Heyl Royster Voelker & Allen.

Some things are abundantly clear. The sheriff in his official capacity did, or would have, if there was a sheriff, received actual notice of the plaintiff's lawsuit on or about February 21, 2022, when Coles County, Jimmy Rankin, Kyle Childress and Haley Lewis were served and all returned the waiver of service signed by and through the same defense counsel. Defendants' counsel received actual notice of the lawsuit. The sheriff in his official capacity received eventual service. As the case is in the early stages of written discovery, the sheriff in his official capacity is not prejudiced and has not suffered any inability to defend, nor has he identified any bona fide prejudice in his motion. The plaintiff's statute of limitations has expired, making it impossible to otherwise pursue her Monell claim(s), if the sheriff in his official capacity is dismissed on defendant's motion.

Plaintiff acknowledges, as defendants point out in their motion, that documents served on plaintiff's counsel indicated that Jimmy Rankin had accepted service in his

5

individual capacity only. For reasons that do not amount to excusable neglect, under Seventh Circuit law (single attorney office busy on other cases, medical issues, preparation for a jury trial and drafting and responding to dispositive motions) plaintiff's counsel simply filed the documents to read later, when drafting discovery. Not being a resident of Coles County, plaintiff's counsel was not intimately aware of the exact date that Jimmy Rankin suddenly and surprisingly quit his 4-year elected term.

Actually, since there was no sheriff of Coles County to accept official capacity service between February 16, 2022 and May 1, 2022 – 70 days -, plaintiff really only had a short window of 18 days – May 1, 2022 to May 18, 2022, to serve the sheriff within the 90-day time allowed by Rule 4(m), but this was strange and unknown to counsel.

Under the parameters of Fed.R.Civ.P. 4(m), "the plaintiff who fails to demonstrate good cause for his delay throws himself on the mercy of the district court." *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006) The plaintiff does here respectfully request, that under the unusual circumstances in this case, to allow her to effect service upon the sheriff in his official capacity by August 12, 2022.

Due to the resignation of Magistrate Schanzle-Haskins on April 13, 2022 and the appointment of Magistrate Karen McKnaught, this case seems to have "fallen through the cracks" in regards to the automatic setting of a Rule 16 conference. The parties moved jointly, on July 18, 2022, for a Rule 16 conference, in order to allow written discovery to proceed. (Doc #9)

On August 4, 2022, Magistrate McKnaught conducted the telephonic Rule 16 conference from chambers, which was not audio-recorded. However, plaintiff's counsel, as a regular practice, always makes contemporaneous notes of oral discussions and

ruling and has attached her notes hereto and incorporated same as Exhibit 2.

During the Rule 16 conference, the issue of substituting in the acting sheriff for the Monell claim(s) was addressed by the Court. Defendants' counsel said that it was his "understanding" that Tyler Heleine *is still the acting sheriff*. Defendants' counsel then stated that to his memory, Rankin was served the week after he stepped out of office, so he was served only in his individual capacity. Defendants' counsel stated to Plaintiff's counsel "we can discuss *whether* the sheriff needs to be served again." There was no later discussion, only the filing of Doc #18.

Plaintiff's counsel understood that the Court then granted additional time to serve the sheriff in his official capacity during the telephonic Rule 16 conference. Plaintiff's counsel stated "I will serve the sheriff's office – definitely", and the Court then stated "Good enough – wonderful." Plaintiff's counsel first sent an email to Defendants' counsel, inquiring whether their office would accept waiver of service for the sheriff in his official capacity and they replied in the negative. Counsel went to the Urbana Courthouse the next day to have a Summons issued by the Clerk (Doc #13) and immediately engaged a process server, who effected service on the sheriff in his official capacity on August 12, 2022, by leaving the Summons and Complaint with Michael Spivey, the Warrant Clerk of the Coles County Sheriff's Department 2 at 701 7th Street, Charleston, Illinois. (Doc #17), so the substance of this controversy is moot.

Plaintiff's counsel discussed the issue of service after the telephonic conference, which Erik S. Redwood attended as an active listener, and agreed that he also

---

2 https://www.linkedin.com/in/michael-spivey-6a84b720b

understood that the Court granted additional time for service on the sheriff. Declaration of Erik s. Redwood is attached hereto and incorporated herein as Exhibit 3.

If counsel misunderstood the Court's comment and the Court did not intend to grant additional time to serve, counsel apologizes for the misunderstanding and hereby moves for additional time – until August 12, 2022 – to complete service to the sheriff in his official capacity.

Counsel regrets the inadvertent failure to re-serve the sheriff in his official capacity after receiving the waiver of service as amended by the defendants. However, the error was trivial in light of plaintiff's having properly and timely served the County, and it has been cured by the service completed on August 12, 2022.

Some confusion in this rather unique situation remains, related to plaintiff's ability to serve the sheriff, since there *was no sheriff* between February 16, 2022 and May 1, 2022. And if service could have been made during that period of time by leaving the service with Michael Spivey, the Warrant Clerk of the Coles County Sheriff's Department, why did Michael Spivey not accept service on behalf of the sheriff, in his official capacity on or about February 21, 2022, when the mailed waivers would have arrived at the Coles County Sheriff's Department, in the U.S. Mail?

Under Rule 4(m), the Court may grant additional time for service where appropriate even in the absence of good cause. See Advisory Committee Note to the 1993 amendment to Rule 4(m) (stating the rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.")  This case, where the error was minor and was promptly cured, is appropriate for relief from the now-corrected inadvertent failure of service.

WHEREFORE, Plaintiff respectfully requests that the Court Deny Defendant's Motion to Dismiss and to grant a permissive extension of time, to August 12, 2022, to serve the Coles County Sheriff in his official capacity.

Respectfully submitted,
**KARLIE TIMMERMAN**

/s/Jude M. Redwood
ARDC # 6257623
Redwood Law Office
P.O Box 864
St. Joseph, IL 61873
Tel: 217-469-9194
Fax: 217-469-8094
redwoodlaw42@hotmail.com

## CERTIFICATE OF SERVICE

I certify that on September 16, 2022, I on behalf of the plaintiff, electronically filed the foregoing RESPONSE TO DEFENDANTS' MOTION (DOC #18) TO DISMISS AND CROSS-MOTION FOR ADDITIONAL TIME FOR SERVICE TO AUGUST 12, 2022 with the Clerk of the District Court, using the CM/ECF system which will send notification of such filing to the following: Jude M. Redwood, Brian Smith, Bryan Vayr.

/s/Mrs. Jude Redwood
ARDC # 6257623
Redwood Law Office
P.O. Box 864
St. Joseph, IL 61873
Phone: 217-469-9194
Fax: 217-469-8094
redwoodlaw42@hotmail.com