IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KARLIE TIMMERMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs ) <br> ) <br> JIMMY RANKIN, in his individual capacity ) <br> and official capacity as Coles County Sheriff, ) <br> KYLE CHILDRESS, HALEY LEWIS, and ) <br> COLES COUNTY, ILLINOIS, ) <br> ) <br> Defendants. ) | Case No. 22-cv-2044 <br><br> CRL-KLM |

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS**

INTRODUCTION

Plaintiff submitted her proposed jury instructions (DOC 83-2 pages 1-61) without a cover page listing each instruction. The cover page will assist the Court and counsel in regards to making decisions on jury instructions. Plaintiff's Proposed Jury Instructions Cover Page is attached hereto and incorporated herein as Exhibit 1.

The Seventh Circuit Pattern Jury Instructions (2017) do not take recent case law into consideration and are outdated in respect to the different standards applied to inmate cases under the Eighth Amendment, the Fourteenth Amendment, and the Fourth Amendment.

The Seventh Circuit recently emphasized "that a pretrial detainee does not have to prove a defendant's subjective awareness of a serious risk of harm." *Pittman v. Madison County*, 108 F.4th 561, 572 (7th Cir. 2024) ("*Pittman IV*"). Rather, a plaintiff need only prove that a defendant "did not take reasonable available measures to abate the risk of serious harm to [the plaintiff], even though *reasonable officers under the circumstances would have understood the high degree*

*of risk involved*, making the consequences of the defendants' conduct obvious." *Id.* at 572 (emphasis in original). In other words, there are two steps to this analysis. The first inquiry is whether a defendant acted intentionally, knowingly, or recklessly " 'with respect to the bringing about of certain physical consequences into the world.' " *Id.* at 570 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 395 (2015)). "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id.* If this showing is made, the second inquiry is whether the defendant acted "reasonably" with respect to the condition created by the action. *Id.* A defendant's subjective views cannot be considered at this step. *Id.*

A copy of *Pittman by and through Hamilton v. Madison County, Illinois,* 108 F.4th 561 (2024) (*Pittman* IV) is attached hereto and incorporated herein as Exhibit 2.

Conditions-of-confinement claims for pretrial detainees, which flow from the Due Process Clause of the Fourteenth Amendment, are analyzed under an objective standard. *Hardeman v. Curran*, 933 F.3d 816, 821−22 (7th Cir. 2019). Specifically with respect to a failure-to-protect claim, a pretrial detainee must show: (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries. *Kemp v. Fulton Cnty.*, 27 F.4th 491, 496–97 (7th Cir. 2022) "The Ninth Circuit reasoned that a pretrial detainee must "prove more than negligence but less than subjective intent— something akin to reckless disregard." *Castro*, 833 F.3d at 1071. . . The third of these elements is the critical one for our purposes. Put more succinctly, it requires only that the defendant's

conduct be objectively unreasonable. Like the Ninth Circuit, and following our own post-*Kingsley* line of cases, we now hold that *Kingsley* abrogates *Guzman, Butera*, and their kin to the extent that they require pretrial detainees to show, in a failure-to-protect case, that a defendant was subjectively "aware of a substantial risk of serious injury." *Guzman*, 495 F.3d at 857 (citing *Butera*, 285 F.3d at 605). This requirement cannot be reconciled with *Kingsley*'s language, reasoning, and reminder to "pay careful attention to the different status of pretrial detainees." *Miranda*, 900 F.3d at 352. We hold, as the Ninth Circuit did in *Castro*, that the defendant officer must intend to carry out a certain course of actions; negligence is not enough. At that point, the remaining question is whether that course is objectively reasonable. If not, there is a Fourteenth Amendment violation." *Kemp v. Fulton Cnty.,* 27 F.4th 491, 496–97 (7th Cir. 2022)

In *Pittman IV*, the Court cited several circuits that now agree that a pretrial detainee does not have to prove a defendant's subjective awareness of a serious risk of harm, citing with approval *Darnell v. Pineiro,* 849 F.3d 17, 35 (2nd Cir. 2017) which was a conditions of confinement case challenging, among others, overcrowding, unsanitary conditions, lack of usable toilets, and inadequate nutrition. *Pittman,* 108 F.4th at 571. The *Pittman* Court explained:

"Instead, on the mental-state element in question, the district court should have instructed the jury that, to prevail, Pittman must prove that the defendants did not take reasonable available measures to abate the risk of serious harm to Pittman, even though *reasonable officers under the circumstances would have understood the high degree of risk involved,* making the consequences of the defendants' conduct obvious. That is the essential objective inquiry." *Pittman* at 572

In June 2024, the Seventh Circuit drafted a new set of Section 1983 Jury Instructions, incorporating the new standards that *Kingsley* introduced. A copy of the *2024 Seventh Circuit Pattern Civil Jury Instructions Draft for Public Comment* is attached hereto and incorporated herein as Exhibit 3. Plaintiff used these instructions, as indicated. But *Pittman IV* was decided in July 2024, so we should work together to craft instructions that are current and correct.

**DEFENSE INSTRUCTION #1 – OBJECTION**

While pattern instruction 1.31 is a correct statement of the law, submitting a separate instruction puts undue and unfair emphasis on this statement. This instruction is incorporated in each of Plaintiff's proposed issues instructions, as the last paragraph in Plaintiff's Instructions #1 - #5, as well as incorporated into Plaintiff's Alternate Instructions #1 - #5.

**DEFENSE INSTRUCTION #2 – OBJECTION**

Use Plaintiff's Instruction #9 instead of Defendant's Instruction #2. Instruction 7.04 instructs the parties to "identify the claim" and to "describe the constitutional violation claimed". Without identifying the claim(s), Defendants' instruction is vague and confusing. Plaintiff's #9 more fully complies with the Pattern Instruction in this regard.

**DEFENSE INSTRUCTION #3 – OBJECTION**

Use Plaintiff's Instruction #8 instead of Defendants' Instruction #3. Instruction 1.15 is disfavored by the Committee due to alluding to "truthfulness" of a witness. Committee Comment to Instruction 2.11 For that reason, the Committee expressed a preference for 2.11.

**DEFENSE INSTRUCTION #4 – OBJECTION**

Use Plaintiff's Instructions #1 - #4, which are based on the June 2024 Seventh Circuit Draft Instructions. (Ex. 3) Plaintiff's Instructions #1 - #4 are issues instructions that separately address each of the claims against each Defendant.

Under *Pittman IV*, Defendants' instruction in this case will not pass muster, because it informs the jury that the pretrial detainee plaintiff must prove a defendant 's subjective awareness of the risk of harm. The instruction does not correctly state the law.

Another problem is that this one instruction appears to lump all of the plaintiff's claims against all of the defendants into a single instruction. The claims as to each of the defendants should have separate instructions. The Defendants' instruction is confusing in that it conflates separate claims and separate defendants into one conglomerate. This will confuse and mislead the jury. Agreed Instructions (DOC 83-1) include several instructions about making sure to consider each claim and each defendant separately. *See* Agreed #10, #14, #15, #17.

**DEFENSE INSTRUCTION #5 – OBJECTION**

No instruction should be given. This is a non-pattern instruction and mis-states the law. This instruction is not objective, rather it is simply a review of defense arguments, but in writing. The instruction ignores the fact that detainees are also entitled to sanitation and water, *See Hardeman v. Curran,* 933 F.3d 816 (7th Cir. 2019) and *Bell v. Dart,* 807 Fed.Appx. 562 (7th Cir. 2020), both stating unconstitutional conditions of confinement due to lack of drinking water and lack of adequate toilet facilities. This instruction will confuse and mislead the jury. The instruction is unduly prejudicial against the Plaintiff because her specific conditions of confinement claims are not included in the list.

**DEFENSE INSTRUCTION #6 – OBJECTION**

Use Plaintiff's Instruction #5, which is based on the June 2024 Seventh Circuit Draft Instructions (Ex. 3). Plaintiff's Instruction #5 more fully complies with the pattern instruction to "describe the underlying constitutional violation" in ¶ 1 and to "describe underlying policy claimed to have caused constitutional violation" in ¶ 2 and to "describe acts or omissions alleged to constitute constitutional violation" in ¶ 2 (defining custom). Plaintiff's instruction includes the final line "This includes a situation where a policy-making official must have known about a

subordinate's actions/failures to act by virtue of the policy-making official's position", which is relevant in this case.

Instead of describing the claimed violations, Defendants' Instruction simply uses a generic term "conditions of Plaintiff's confinement" in ¶ 1. In the second paragraph of ¶ 2 Defendants changed three words to make the instruction more defense friendly. The pattern instruction reads: "A persistent and widespread pattern may be a custom even if [Municipality] has not formally approved it, ***so long as*** Plaintiff proves. . ." Defendants' instruction reads: "A persistent and widespread pattern may be a custom even if the Coles County Sheriff's Office has not formally approved it, ***but only if*** Plaintiff proves. . ."

Defendants' Instruction, at ¶ 3 departs from the pattern instruction's use of the reasonableness standard and instead tells the jury that they have to find that the policy "caused a knowing or purposeful violation of Plaintiff's constitutional rights", which does not correctly state the law. Now, a pretrial detainee does not have to prove a defendant's subjective awareness, much less a "knowing or purposeful violation" as crafted by defense counsel. *See Kemp v. Fulton Cnty.,* 27 F.4th 491, 496–97 (7th Cir. 2022)*; Pittman by and through Hamilton v. Madison County, Illinois,* 108 F.4th 561 (2024)

**DEFENSE JURY VERDICT FORM – OBJECTION**

Use Plaintiff's Verdict Form, which is clear and simple.

Defendants' Verdict Form incorporates a series of questions that are in direct violation of the Seventh Circuit's admonitions in *Pittman* IV, *Kemp, Kingsley* as well as the *2024 Seventh Circuit Pattern Civil Jury Instructions Draft for Public Comment.* The questions repeatedly

insert incorrect conditions that Defendant must be "aware", or made "a purposeful, knowing or reckless action" and "cause a knowing or purposeful violation". The standard is reasonableness.

Defendants' Verdict Form also instructs jurors that they can only find the Coles County Sheriff's Office liable if it has "a policy of punishing detainees for requests for water and toilet use; denying detainees adequate housing space; denying detainees a bed and blanket; denying detainees the use of a toilet *and* denying detainees drinking water." In other words, by using the conjunctive *and*, defendants instruct the jury that they can find a policy only if all 5 of these things are proved as to "detainees" (what detainees? All detainees? A certain number of detainees?). But even using the disjunctive *or* would not cure this portion of the verdict form.

The policy alleged is one which the Coles County Sheriff's Office 1) locks certain pretrial detainees in a detention cell that has no toilet and no drinking water and then 2) gives corrections officers the complete discretion as to the provision of these basic needs. That policy needs be found to be unreasonable, not purposeful or knowing.

Wherefore, Plaintiff respectfully requests that the Court reject all of Defendants' Proposed Jury Instructions and Defendants' Proposed Verdict Form.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
|  | KARLIE TIMMERMAN |
| September 13, 2024 | /s/ Jude Marie Redwood |
|  | Mrs. Jude M. Redwood 6257623<br>REDWOOD LAW OFFICE<br>P.O. Box 864<br>St. Joseph, IL 61873<br>Telephone: (217) 469-9194<br>Facsimile: (217) 469-8094<br>redwoodlaw42@hotmail.com |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I electronically filed the foregoing PLAINTIFFS' OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS on September 13, 2024 with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following: Jude M. Redwood, Brian Smith, Kathryn Johnson-Monfort.

September 13, 2024                    /s/ Jude Marie Redwood

Mrs. Jude M. Redwood 6257623
REDWOOD LAW OFFICE
P.O. Box 864
St. Joseph, IL 61873
Telephone: (217) 469-9194
Facsimile: (217) 469-8094
redwoodlaw42@hotmail.com